UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ESSENCE BROWN-LEGETTE, <br><br>  Plaintiff, <br><br> v. <br><br> QUIKTRIP CORPORATION, <br><br>  Defendant. | CIVIL ACTION NO. <br> 1:20-CV-03300-JPB |

## ORDER

This matter is before the Court on QuikTrip Corporation's ("Defendant") Motion for Summary Judgment [Doc. 35]. This Court finds as follows:

## PROCEDURAL HISTORY

Essence Brown-Legette ("Plaintiff") filed this personal injury action against Defendant on July 2, 2020, in the State Court of Gwinnett County. [Doc. 1-1]. The case was removed to this Court on August 10, 2020. [Doc. 1]. On June 9, 2021, after the discovery period closed, Defendant filed the instant Motion for Summary Judgment. [Doc. 35]. The motion is now ripe for review.

## BACKGROUND

The Court derives the facts of this case from Defendant's Statement of Material Facts [Doc. 35-2], Plaintiff's Response to Defendant's Statement of Material Facts [Doc. 36-1], Plaintiff's Statement of Additional Material Facts

[Doc. 36-2] and Defendant's Response to Plaintiff's Statement of Additional Material Facts [Doc. 38].  The Court also conducted its own review of the record.

As an initial matter, this Court notes that neither party complied with Local Rule 56.1(C) or Section IV of Appendix H of the Local Rules, making review of the pending motion very difficult.  Local Rule 56.1(C) provides that

> [t]he parties must file as exhibits to their briefs the originals of any affidavits relied upon in their motion and response papers, and copies of those excerpts of depositions or other discovery materials that are referenced therein.  In addition, when a portion of a deposition is referenced and submitted, then the party in custody of the original of that deposition shall cause the entire deposition to be filed with the Court.

Section IV of Appendix H of the Local Rules states that

> [a] party electronically submitting evidentiary materials to the Clerk's Office in support of or in opposition to a motion shall also file electronically a document indexing each item of evidence being filed.  Each item of evidence should be filed as a separate attachment to the motion to which it relates.

Here, neither party filed a document indexing each item of evidence being filed and neither party filed their evidence as separate attachments to the related motion.  Instead, Defendant filed an eighty-seven-page brief in support of its Motion for Summary Judgment.  The eighty-seven pages consisted of fifteen pages of briefing and more than seventy pages of unindexed evidentiary support.  At the very least, Defendant should have filed separate exhibits for each piece of evidence

so that the Court could easily find the relevant evidence. Similarly, Plaintiff's response brief was 222 pages, which included twenty-three pages of legal argument and 199 pages of unindexed evidence.

In addition to the parties' failure to file and properly label their separate exhibits, the parties also failed to file any depositions whatsoever. In this case, the parties submitted excerpts from the relevant depositions but neither party filed the actual deposition for the Court to review. The rule is clear that "when a portion of a deposition is referenced and submitted, then the party in custody of the original of that deposition shall cause the entire deposition to be filed with the Court." LR 56.1(C), NDGa.

In accordance with the Local Rules, this Court will not consider unsupported facts. The Court will, however, use its discretion to consider all facts that the Court deems material after reviewing the record. The facts of this case, for the purpose of adjudicating the instant motion, are as follows:

On the morning of September 13, 2018, Plaintiff went to get gas at Defendant's QuikTrip store located at 3495 Satellite Boulevard in Duluth, Georgia. [Doc. 35-2, p. 1]. When Plaintiff arrived, she parked next to the gas pump and immediately went inside to purchase the gas and a drink. Id. at 2. Upon returning to her car, she began pumping the gas on the passenger's side. Id. At 7:13 AM,

Plaintiff walked from the passenger's side around the rear of her car to the driver's side to place her drink in the car. Id. at 3. At 7:14 AM, Plaintiff walked back around the rear of her car and returned to the passenger side. Id. Then, less than one minute later, at 7:15 AM, Plaintiff again walked around the rear of her car. Id. This time, however, Plaintiff slipped and fell. Id.

Rico Barnhart, Wilson Oriakhi and Joshua Bean were working at the QuikTrip on the morning of Plaintiff's fall. [Doc. 36-2, p. 3]. Defendant did not have an inspection procedure in place that identified the exact time at which any of the employees needed to inspect for spills and other hazards outside of the store. Id.[1] Defendant did, however, require its shift manager to complete a shift walk. [Doc. 35-2, p. 4]. Barnhart, who was the shift manager on the day in question, completed his shift walk sometime between 5:00 AM and 6:00 AM. [Doc. 36-1, p. 3, Doc. 35-1, p. 78 and Doc. 36, pp. 164-65]. The shift walk requires employees to check the outside parking lot for spills and trash. [Doc. 35-2, p. 4].

---

[1] Defendant objected to this fact as immaterial. [Doc. 38, p. 3]. However, Defendant argued in its Motion for Summary Judgment that it did not have constructive knowledge of the hazard because it followed a reasonable inspection procedure. Thus, Defendant's inspection procedures are quite relevant to this Court's inquiry.

4

## DISCUSSION

**A. Legal Standard**

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A material fact is any fact that "is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). A genuine dispute exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Ultimately, "[t]he basic issue before the court on a motion for summary judgment is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Allen, 121 F.3d at 646 (citation omitted).

The party moving for summary judgment bears the initial burden of showing that no genuine issue exists as to any material fact, "and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party." Id. After the movant satisfies this initial burden, the burden shifts to the

nonmovant who must then present evidence indicating that summary judgment is improper. Id. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). If the record taken as a whole cannot lead "a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

### B. Premises Liability

In Georgia, an owner or occupier of land "owes persons invited to enter the premises a duty of ordinary care to have the premises in a reasonably safe condition and not to expose the invitees to unreasonable risk." Tyree v. Westin Peachtree, Inc., 735 S.E.2d 127, 129 (Ga. Ct. App. 2012). Importantly, proof of the occurrence of an injury, without more, is insufficient to establish liability. Hayes v. SNS P'ship, 756 S.E.2d 273, 275 (Ga. Ct. App. 2014). "In order to recover, the plaintiff must prove that the defendant had superior knowledge of a dangerous condition that was unknown to the plaintiff that caused the plaintiff's injuries." Id.

In the context of slip and fall cases, the plaintiff must prove: "(1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." Lomax v. Kroger Co., 824 S.E.2d 629, 631 (Ga. Ct. App. 2019) (quoting Robinson v. Kroger, 493 S.E.2d 403, 406 (Ga. 1997)).  Notably, the Supreme Court of Georgia has held that the issues raised by premises liability claims generally "must be answered by juries as a matter of fact rather than by judges as a matter of law." Am. Multi-Cinema, Inc. v. Brown, 679 S.E.2d 25, 28 (Ga. 2009).  In fact, because these issues "are generally not susceptible of summary adjudication, . . . summary judgment is granted only when the evidence is plain, palpable, and undisputed." Robinson, 493 S.E.2d at 414.

Defendant contends that it is entitled to summary judgment for two separate reasons.  First, Defendant argues that summary judgment is appropriate because Plaintiff had equal or superior knowledge of the hazard as a matter of law.  Second, Defendant asserts that Plaintiff cannot show that Defendant had actual or constructive knowledge of the hazard.[2]  Both arguments are addressed below.

---

[2] In its Reply, Defendant contends for the first time that it is entitled to summary judgment because Plaintiff failed to present any evidence as to the specific nature of the alleged hazard.  The Court will not consider Defendant's new argument because

1. <u>Plaintiff's Equal or Superior Knowledge</u>

Under Georgia law, "an invitee who has equal knowledge of the danger cannot recover from the proprietor for the resulting injury." <u>Evans v. Mathis Funeral Home, Inc.</u>, 996 F.2d 266, 269 (11th Cir. 1993). In this case, Defendant asserts that this Court must presume that Plaintiff possessed equal or superior knowledge of the hazard because Plaintiff successfully walked behind the rear of her car on two separate occasions right before her fall. Defendant also seems to imply that it is entitled to summary judgment because Plaintiff failed to look down at the ground.

Generally, "[w]hen a person successfully negotiates a dangerous condition, she is presumed to have knowledge of that condition and cannot recover for a subsequent injury resulting from the hazard." <u>El Ranchero Mexican Rest., No. 10, Inc. v. Hiner</u>, 728 S.E.2d 761, 764 (Ga. Ct. App. 2012). In other words, "a person is presumed to have knowledge of an allegedly dangerous condition once [she] has successfully negotiated the condition on a previous occasion." <u>Ray v. Rest. Mgmt. Servs., Inc.</u>, 495 S.E.2d 613, 614 (Ga. Ct. App. 1998).

---

"arguments raised for the first time in a reply brief are not properly before a reviewing court." <u>Herring v. Sec'y, Dep't of Corr.</u>, 397 F.3d 1338, 1342 (11th Cir. 2005).

8

In this case, it is uncontroverted that Plaintiff walked around the rear of her vehicle twice shortly before she fell.  This, however, does not automatically support a finding on summary judgment that Plaintiff knew or should have known about the hazardous condition as a matter of law.  See Johnson v. All Am. Quality Foods, Inc., 798 S.E.2d 274, 276 (Ga. Ct. App. 2017) (holding that a defendant was not entitled to summary judgment even where the plaintiff "traversed the area of her fall twice before slipping in the substance during her third crossing").

The issue is not simply whether Plaintiff successfully traversed the area before her fall.  Rather, the relevant inquiry is whether Plaintiff "had superior knowledge of the hazard."  Griffin v. Walmart Supercenter, Inc., No. 1:18-CV-4545, 2019 WL 7491505, at *4 (N.D. Ga. Sept. 10, 2019).  Viewing the evidence in the light most favorable to Plaintiff, this Court cannot conclude as a matter of law that Plaintiff had equal or superior knowledge to Defendant of the hazardous condition.  The undisputed evidence in this case does not show that Plaintiff successfully navigated the hazard.  The still images produced from the security camera simply show that Plaintiff had previously walked within close proximity to the area where she fell.  It is impossible to tell from the images presented whether Plaintiff walked over the exact same location where she fell.  Importantly, it is undisputed that Plaintiff did not notice the hazard when making her first two trips

around the rear of her vehicle.[3] [Doc. 35-2, p. 3]. Under these facts, there is a genuine dispute of material fact as to whether Plaintiff had superior knowledge of a slippery substance in the area behind her vehicle. See Griffin, 2019 WL 7491505, at *6 (determining that a genuine issue of material fact existed as to the plaintiff's knowledge even where the plaintiff had previously walked near the area where she fell). To the extent Defendant seeks summary judgment on this ground, the motion is **DENIED**.

 2. Defendant's Constructive Knowledge

Defendant also contends that it is entitled to summary judgment because Plaintiff cannot show that Defendant had actual or constructive knowledge of the hazard. Plaintiff is not claiming that Defendant had actual knowledge. As such, the outcome of this case turns on whether Plaintiff can establish that a genuine issue of material fact exists as to Defendant's constructive knowledge of the alleged hazard. In seeking summary judgment on this ground, a defendant has the

---

[3] Defendant seems to argue that Plaintiff lacked ordinary care because she failed to look down while she was walking. In Georgia, however, "[i]n routine cases of premises liability, . . . the plaintiff's lack of ordinary care for personal safety [is] generally not susceptible of summary adjudication." Food Lion v. Walker, 660 S.E.2d 426, 429-30 (Ga. Ct. App. 2008); see also Falcolner v. QuikTrip Corp., No. 1:14-CV-3507, 2015 WL 5719482, at *3 (N.D. Ga. Sept. 29, 2015) (rejecting the defendant's implied argument that the plaintiff failed to exercise reasonable care because the plaintiff failed to look down).

initial burden of demonstrating that it exercised reasonable care in inspecting the premises.  Hill v. Publix Super Mkts., No. 1:16-CV-4245, 2018 WL 11348585, at *7 (N.D. Ga. Feb. 5, 2018).  Once the defendant satisfies its burden, the burden then shifts to the plaintiff to show:  "(1) how long the foreign substance was allowed to remain on the floor; and (2) that the substance was on the floor long enough for knowledge of it to be imputed to the defendant." Id.  Importantly, a plaintiff "need not show how long a substance has been on the floor unless the defendant has established that reasonable inspection procedures were in place and followed at the time of the incident." Alatrista v. Publix Super Mkts., No. 1:13-CV-3203, 2014 WL 4925650, at *2 (N.D. Ga. Sept. 29, 2014) (quoting Fred's Stores of Tenn., Inc. v. Davenport, 703 S.E.2d 700, 702 (Ga. Ct. App. 2010)).  In Georgia,

> summary adjudication as to constructive knowledge arising from the duty to inspect is not authorized absent plain, palpable and undisputable proof that customary inspection procedures or cleaning practices were in place, were actually followed and were adequate to guard against known or foreseeable dangers at the time of the patron's alleged injuries.

Burnett v. Ingles Mkts., Inc., 514 S.E.2d 65, 68 (Ga. Ct. App. 1999).

Plaintiff argues that an issue of fact exists as to whether Defendant's employees followed reasonable inspection procedures on the day in question.  The evidence submitted by Defendant as to this issue is very limited.  In fact,

11

Defendant only presented evidence of one inspection procedure—the shift walk that occurred at some unknown time between 5:00 AM and 6:00 AM where the store manager checked for oils, spills or other hazards.[4]  Without more evidence regarding the various inspection procedures, this Court finds that Defendant has not met its burden of showing that a reasonable inspection procedure was in place on the day in question.

This Court recognizes that even if an inspection program is not adequate, an owner may still be entitled to summary judgment if an inspection occurs within a brief period of time before a fall.  Mucyo v. Publix Super Mkts., Inc., 688 S.E.2d 372, 375 (Ga. Ct. App. 2009).  In this case, the evidence shows that one or maybe two inspections of the outdoor area occurred.  The first inspection—the shift walk—occurred sometime between 5:00 AM and 6:00 AM.  Construing the evidence in the light most favorable to Plaintiff, this inspection could have

---

[4] In their Reply, Defendant points to several depositions—depositions that were never filed with the Court—that supposedly support its assertion that it had a reasonable inspection policy.  For example, Defendant contends that one employee stated in his deposition that "[t]here is a procedure for 'everything' at QuikTrip and a manual with an explanation of the tasks, including for the inspection of the bay areas." [Doc. 37, p. 9].  Defendant also states in its Reply that "[i]nspections of a parking lot and gas bays" occur on a near hourly basis.  Id. at 10.  None of these alleged facts are contained in Defendant's Statement of Material Facts.  Under Local Rule 56.1(B)(1), the Court is not required to consider facts set out only in the brief and not in the movant's statement of undisputed facts.  This Court will thus not consider these facts in determining whether Defendant had a reasonable inspection procedure.

occurred more than two hours before the fall.  Two hours is not a brief period of time entitling Defendant to summary judgment.  As to the second inspection, there is evidence that another employee went outside.  That employee, however, testified that he went outside sometime between 7:00 AM and 9:00 AM.  This evidence does not show with any certainty that this employee inspected the gas bays before Plaintiff's fall.  There is thus a genuine dispute as to the time of the alleged inspections.

At bottom, Defendant has not shown as a matter of law that it had no constructive knowledge of whatever substance caused Plaintiff to fall.  To the extent Defendant seeks summary judgment on this basis, Defendant's motion is **DENIED**.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [Doc. 35] is **DENIED**.  The parties are **HEREBY ORDERED** to file the Consolidated Pretrial Order required by Local Rule 16.4 within twenty-one days of entry of this Order.  The parties are notified that a failure to comply with this Order may result in sanctions, including dismissal of the case or entry of default

judgment.  In the event a Consolidated Pretrial Order is not filed, the Clerk is **DIRECTED** to submit the case at the expiration of the twenty-one-day period.

**SO ORDERED** this 31st day of January, 2022.

_____
J. P. BOULEE
United States District Judge